FILED & ENTERED

AUG 16 2023

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY gooch    DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>JEAN BARANOWSKI,<br><br>    Debtor. | Case No.: 6:23-bk-13045-WJ<br><br>CHAPTER 13<br><br>**MEMORANDUM OF DECISION** |

On June 12, 2023, Jean Baranowski filed her first incomplete chapter 13 bankruptcy case (6:23-bk-12509-WJ).  The Court dismissed that case because the debtor failed to obtain credit counseling prior to filing the case.

The debtor then filed this second incomplete chapter 13 bankruptcy case (6:23-bk-13045-WJ) ("Second Case") on July 12, 2023.  The clerk issued a deficiency notice on July 12, 2023 informing the debtor that the balance of case initiation documents were due by July 26, 2023 [docket #1-1].  Additionally, the clerk's office also issued a 72-hour deficiency notice because the debtor failed to file a statement of social security number or upload the creditors matrix.  The clerk of the Court instructed the debtor to cure this deficiency by July 17, 2023 [docket #3].  The debtor did not file a social security statement with a holographic signature by the deadline.  Therefore, pursuant to its standard operating procedure, the clerk of the Court dismissed this case on July 24th for this deficiency [docket #22].

The debtor then filed the following series of motions and pleadings in this Second Case (collectively, the "Motions"):

1.    Motion to vacate the dismissal filed on July 24th as docket #24.

2.    Proposed Order on motion to vacate the dismissal of July 24, 2023 [Proposed] filed on July 24th as docket #25.

3.    Amended and correct motion to vacate the dismissal filed on July 25th as docket #29.

4.    Notice of motion for hearing without a hearing filed on July 25th as docket #30.

5.    Supplement to amended and corrected motion to vacate the dismissal filed on July 26th as docket #32.

6.    Debtor's motion to extend time to file case opening documents filed on July 26th as docket #33 ("Motion to Extend").

7.    Supplement to debtor's motion to extend time to file case opening documents filed on July 31st as docket #35.

8.    Supplement to debtor's motion to extend time to file case opening documents filed on July 31st as docket #37.

Then, while the Motions were pending, the debtor filed a third incomplete chapter 13 bankruptcy case (6:23-bk-13624-WJ) ("Third Case") on August 14, 2023.  As a result, the Motions shall be denied for three reasons.

First, and most importantly, the Motions are now moot and are denied on that basis.  The debtor has proceeded with filing the Third Case and she cannot have two bankruptcy cases simultaneously.

Second, with one exception, the debtor did not serve any of these pleadings on anyone.  Only the Motion to Extend has a proof of service.  None of the other Motions include a proof of service.  Thus, the debtor sought ex parte relief which, of course, is unfair and heavily disfavored.

Absent highly unusual circumstances, ex parte relief is inappropriate.  Ex parte applications are solely for extraordinary relief and are rarely granted. Mission Power Eng'g Co. v. Cont'l Cas. Co., 883 F. Supp. 488, 489 (C.D. Cal. 1995).  Such applications are "inherently unfair, and they pose a threat to the administration of justice.  They debilitate the adversary system." Id. at 490.  An ex parte motion forces the Court to hypothesize regarding what creditors or other opposing parties would have argued had they been given the chance.

With respect to the one motion that included a proof of service (the Motion to Extend), the proof of service is defective.  Specifically, paragraph 1 of the proof of service of the Motion to Extend was not completed correctly.  Paragraph 1 of the proof of service states that the party completing the proof of service "checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mailing Notice List to receive NEF transmission at the e-mail addresses stated below:".  Unfortunately, it does not appear that this step occurred in this case because the moving party did not list the names or titles of any persons or e-mail addresses in paragraph 1.

Rule 9013-3(d)(2)(A) of the Local Bankruptcy Rules addresses this issue.  As set forth in that rule, a moving party should state in paragraph 1 of the proof of service all names, titles and e-mail addresses listed on the Electronic Mail Notice List.  That list can be found by taking the following steps in CM/ECF: (1) select "Utilities", (2) select "Mailings", (3) select "Mailing Info for a Case", (4) input the correct case number and then (5) copy all information in the first

paragraph of CM/ECF into paragraph 1 of the proof of service.  The moving party should then add the required titles as described in L.B.R. 9013-3(d)(2)(A).

Finally, motions to vacate an order of a federal court – such as a dismissal order – are typically not granted.  The request is an "extraordinary remedy and is granted only in exceptional circumstances."  The debtor should review the decision of the Court issued on November 20, 2017 in the case of In re Juan Rodriguez and Maria Castillo, case 6:16-bk-15016-WJ.  The decision and related order are on the docket as document numbers 52 and 53.  Those documents deal with legal issues directly applicable to the relief requested by the Motions in this case.

Similarly, the debtor should review the decision of the Court issued on September 24, 2019 in the case of In re Almaz Mirach, case 6:13-bk-25291-WJ.  The decision and the related order are on the docket as document numbers 93 and 94. Those documents deal with legal issues directly applicable to the relief requested in this case.

Accordingly, for all these reasons the Court shall enter a separate order denying the Motions.

IT IS SO ORDERED.

###

Date: August 16, 2023

Wayne Johnson
United States Bankruptcy Judge

- 4 -